# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40798
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN PEREZ-ARREAGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-226

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Benjamin Perez-Arreaga appeals the 41-month prison sentence imposed following his guilty plea conviction for being found in the United States after a previous deportation in violation of 8 U.S.C. § 1326(a) and (b). For the first time on appeal, he contends that his sentence, which is within the applicable advisory sentencing guidelines range of imprisonment, is substantively unreasonable and greater than necessary to effectuate the sentencing goals of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40798

18 U.S.C. § 3553(a), in particular the need for the sentence imposed to act as a deterrent to future offenses, protect the public, and provide just punishment. He maintains that the district court failed to account for the true danger he faced in Mexico and to consider the United States Sentencing Commission's policy statement set forth in U.S.S.G. § 5K2.12, which permits a downward departure from the guidelines range when an offense has been committed due to serious coercion or duress.

To the extent that Perez-Arreaga argues that the district court erred by failing to depart downward pursuant to U.S.S.G. § 5K2.12, we lack jurisdiction to review the argument. *See United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013). We review Perez-Arreaga's remaining claims regarding the substantive reasonableness of his sentence for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Under plain error review, Perez-Arreaga must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we may exercise our discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Perez-Arreaga's assertion that the district court failed to account for the dangers he faced in Mexico reflects his disagreement with the weighing of the § 3553(a) factors and does not rebut the presumption of reasonableness that applies to his within-guidelines sentence on appellate review. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The district court considered his mitigation arguments, concluded that a within-guidelines sentence would satisfy the sentencing goals of § 3553(a), and imposed a sentence at the bottom of the guidelines range. The court's sentencing determination is entitled to

No. 14-40798

deference, and we may not reweigh the § 3553(a) factors or reverse a sentence because we might reasonably conclude that a different sentence is appropriate. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Perez-Arreaga has shown no error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Accordingly, the judgment of the district court is AFFIRMED.